# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| UNITED STATES OF AMERICA | § | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | § § § | |
| NICOLE MCBEE | § § § § | Case Number: 3:22-CR-00385-S(01)<br>USM Number: 26279-510<br>**John M Helms**<br>Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before the U.S. Magistrate Judge, which was accepted by the Court | **Count 1s of the Superseding Indictment, filed June 6, 2023.** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the Court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The Defendant is adjudicated guilty of:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 1343 Wire Fraud | 07/26/2019 | 1s |

The Defendant is sentenced as provided in this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The Defendant has been found not guilty on count(s)

☒ The Indictment, filed October 5, 2022, and Count 2s of the Superseding Indictment, filed June 6, 2023, are dismissed on the motion of the United States.

It is ordered that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of material changes in economic circumstances.

**April 25, 2024**
Date of Imposition of Judgment

*/s/ Karen Gren Scholer*
Signature of Judge

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**April 25, 2024**
Date of Signature

DEFENDANT: NICOLE MCBEE
CASE NUMBER: 3:22-CR-00385-S(01)

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **Fifty months** as to Count 1s of the Superseding Indictment.

☒ The Court makes the following recommendations to the Bureau of Prisons:

   that Defendant be allowed to serve her sentence at FMC Carswell and Satellite Camp.

☒ Defendant is remanded to the custody of the United States Marshal.
☐ The Defendant shall surrender to the United States Marshal:

   ☐ at            ☐ a.m.   ☐ p.m.   on

   ☐ as notified by the United States Marshal.

☐ The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before #:## p.m./a.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

The Defendant delivered on                              to

at                     , with a certified copy of this Judgment.

UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

DEFENDANT: NICOLE MCBEE
CASE NUMBER: 3:22-CR-00385-S(01)

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant shall be on supervised release for a term of **three (3) years**.

## MANDATORY CONDITIONS

You must comply with the standard conditions that have been adopted by this Court as well as with any additional conditions on the attached page.

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.
   - ☒ The above drug testing condition is suspended, based on the Court's determination that you pose a low risk of future substance abuse (*Check if applicable*).
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution (*Check if applicable*).
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer (*Check if applicable*).
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense (*Check if applicable*).
7. ☐ You must participate in an approved program for domestic violence (*Check if applicable*).

DEFENDANT:       NICOLE MCBEE
CASE NUMBER:     3:22-CR-00385-S(01)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed of, report to the Court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the Court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the Court and has provided me with a written copy of this Judgment containing these conditions. I understand additional information regarding these conditions is available at www.txnp.uscourts.gov.

_____
Defendant's Signature


_____
Date

DEFENDANT:     NICOLE MCBEE
CASE NUMBER:   3:22-CR-00385-S(01)

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the Defendant is ordered to pay restitution in the amount of $1,230,512.79, to be made payable to the U.S. District Clerk, 1100 Commerce Street, Room 1452, Dallas, Texas 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to:

**Fatboy USA, LLC**
$990,024.84
Re: McBee, Case No. 3:22-CR-385-S(01)

**CorrHealth, PLLC**
$190,487.95
Re: McBee, Case No. 3:22-CR-385-S(01)

**Liberty Mutual Insurance Company**
$50,000.00
Re: Claim No. 23919789

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the Defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the Defendant's gross monthly income, or at a rate of not less than $250 per month, whichever is greater. Payment shall begin no later than 60 days after the Defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax refunds, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Furthermore, it is ordered that interest on the unpaid balance is waived pursuant to 18 U.S.C. § 3612(f)(3).

Defendant shall not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of accounting, bookkeeping, or payroll without the probation officer's approval.

Defendant shall not be employed in any fiduciary capacity or any position allowing access to the financial information or accounts of others, including individuals or companies, unless the Defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer.

Defendant shall maintain not more than one business and/or one personal checking or savings accounts, and shall not open, maintain, be a signatory on, or otherwise use any other financial institution account without the prior approval of the probation officer.

Defendant shall not transfer, sell, give away, or otherwise convey any asset with a value of $500 or more without the approval of the probation officer.

Defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the Defendant is in compliance with the payment schedule.

Defendant shall pay any remaining balance of restitution as set out in this Judgment.

If ordered, Defendant shall pay any remaining balance of the fine as set out in this Judgment.

Defendant shall provide to the probation officer any requested financial information.

Defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with Defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month.

Should such a program be available and participation will not interfere with Defendant's ability to pay restitution or attend other treatment, Defendant shall participate in a program aimed at maintaining financial stability, such as financial management, preventing overspending, and/or budgeting.

DEFENDANT: NICOLE MCBEE
CASE NUMBER: 3:22-CR-00385-S(01)

## CRIMINAL MONETARY PENALTIES

The Defendant must pay the total criminal monetary penalties under the Schedule of Payments page.

|        | Assessment | Restitution    | Fine  | AVAA Assessment* | JVTA Assessment** |
|--------|------------|----------------|-------|------------------|-------------------|
| TOTALS | $100.00    | $1,230,512.79  | $.00  | $.00             | $.00              |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒  The Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

Restitution shall be disbursed to:

**Fatboy USA, LLC**
$990,024.84

**CorrHealth, PLLC**
$190,487.95

**Liberty Mutual Insurance Company**
$50,000.00

If the Defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The Defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the Judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The Court determined that the Defendant does not have the ability to pay interest and it is ordered that:
   ☒ the interest requirement is waived for the     ☐ fine     ☒ restitution
   ☐ the interest requirement for the               ☐ fine     ☐ restitution is modified as follows:

\*   Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

DEFENDANT:        NICOLE MCBEE
CASE NUMBER:  3:22-CR-00385-S(01)

## SCHEDULE OF PAYMENTS

Having assessed the Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

   ☐ not later than _____ , or

   ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ E, or ☐ F below); or

**C**  ☐  Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after the date of this Judgment; or

**D**  ☐  Payment in equal _____ (*e.g., weekly, monthly, quarterly*) installments of $ _____ over a period of _____ (*e.g., months or years*), to commence _____ (*e.g., 30 or 60 days*) after release from imprisonment to a term of supervision; or

**E**  ☒  If upon commencement of the term of supervised release any part of the restitution remains unpaid, the Defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the Defendant's gross monthly income, or at a rate of not less than $250 per month, whichever is greater. Payment shall begin no later than 60 days after the Defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax refunds, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law.

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1s, which shall be due immediately. Said special assessment shall be paid to the Clerk of the Court.

Unless the Court has expressly ordered otherwise, if this Judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
See above for defendant and co-defendant names and case numbers (*including the Defendant's number*), total amount, joint and several amount, and corresponding payee, if appropriate.

☐  The Defendant shall pay the cost of prosecution.
☐  The Defendant shall pay the following court cost(s):
☐  The Defendant shall forfeit the Defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.